CHAPIN WHEELER LLP
Douglas J. Brown, Esq. (SBN: 248673)
550 West C Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

BAILEY & EHRENBERG PLLC
Jason H. Ehrenberg, Esq. (*Pro Hac Vice Application to be Submitted*)
1155 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Tel: (202) 787-3869
Fax: (202) 318-7071

Attorneys for Defendant/Counterclaimant
MICHELE MCKENZIE-ROGERS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E. & J. Gallo Winery, as administrator of the E. & J. Gallo Winery Executive Retirement Plan,<br><br>Plaintiff,<br><br>vs.<br><br>Audrey Rogers, Michele McKenzie-Rogers, Mark S. Rogers, Randy Rogers as Administrator of the Estate of Robert G. Rogers,<br><br>Defendants. | Case No.: SACV09-0513 AG (MLGx)<br><br>**ANSWER AND COUNTERCLAIMS** |

## ANSWER AND COUNTERCLAIMS

Defendant/Counterclaimant Michele McKenzie-Rogers ("Counterclaimant"), by and through her undersigned counsel, hereby answers the Complaint for Interpleader and Declaratory Relief (the "Complaint") of Plaintiff E&J Gallo Winery ("Gallo"), as administrator of the E&J Gallo Winery Executive Retirement Plan (the "ERP"), and asserts the following counterclaims:

1. The allegations in paragraph 1 of the Complaint merely characterize Gallo's cause of action, and require no response. To the extent a response is required, Counterclaimant denies the allegations in paragraph 1 of the Complaint.

2. Denied.

3. Admitted that the funds at issue derive from a plan subject to the Employee Retirement Income Security Act or 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended, the ERP, and that Gallo is the named "Plan Administrator" of the ERP. The remaining allegations in paragraph 3 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Counterclaimant denies the allegations in paragraph 3 of the Complaint.

4. Counterclaimant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the allegations contained in paragraph 4 of the Complaint.

5. Admitted.

6. Admitted.

7. Counterclaimant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations contained in paragraph 7 of the Complaint.

8. Counterclaimant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the allegations contained in paragraph 8 of the Complaint.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Counterclaimant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies the allegations contained in paragraph 14 of the Complaint.

15. Denied. Gallo did not issue or render a proper "claim determination" under ERISA. To date, Gallo has not made a benefits determination under the ERP.

16. Counterclaimant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies the allegations contained in paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

20. The allegations in paragraph 20 of the Complaint merely characterize Gallo's cause of action, and require no response. To the extent a response is required, Counterclaimant denies the allegations in paragraph 20 of the Complaint.

21. Denied.

In response to the unnumbered wherefore clause following paragraph 21 of the Complaint, Counterclaimant denies that Gallo is entitled to any judgment or relief of any kind.

## **Affirmative Defenses**

Counterclaimant sets forth the following Affirmative Defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Gallo may have waived any right to claim the relief sought in the Complaint.

/////

Third Affirmative Defense

The Complaint may be barred, in whole or in part, by applicable statutes of limitations and the doctrines of laches, waiver, and unclean hands.

Fourth Affirmative Defense

Counterclaimant acted in good faith as to all matters and at all times relevant to this action.

Fifth Affirmative Defense

Gallo may be estopped to claim the relief sought in the Complaint.

Sixth Affirmative Defense

Gallo's prayer for judgment and damages regarding the purported causes of action contained in the Complaint is barred because the damages purportedly sustained by Gallo were not the result of acts or omissions of Counterclaimant.

Seventh Affirmative Defense

Counterclaimant presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. Counterclaimant reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

**Counterclaims**

22. These counterclaims are claims for violations of statutory provisions of, and clarification of rights to welfare and pension benefits under ERISA and for breaches of fiduciary duties under ERISA.

23. By virtue of his status as an employee and executive of Gallo, Robert G. Rogers was eligible to participate, and was in fact a participant of, the following ERISA-covered employee benefit plans: (a) the E&J Gallo Winery Income Protection Plan (the "IPP"); (b) the ERP; and (c) the group life insurance policy issued to Gallo by UNUM Life Insurance Company of America, policy No. 949 455-001 (the "Life Insurance Plan") (collectively, the "Plans").

////

24. Gallo is the Plan Sponsor and Plan Administrator of the aforementioned Plans, as those terms are defined by ERISA. By virtue of its role as Plan Sponsor and Plan Administrator of the aforementioned Plans, Gallo is a fiduciary of the Plans within the meaning of ERISA. Gallo is also a "named fiduciary" under the express terms of the Plans. Gallo is also the entity that was charged with determining Counterclaimant's entitlement to benefits under the Plans.

25. Robert G. Rogers died on or around June 22, 2006. At the time of his passing, Robert G. Rogers was married to the Counterclaimant. Shortly after Roger G. Rogers passed away, Counterclaimant timely and properly submitted to Gallo claims for benefits under the Plans.

26. By letter dated April 10, 2008, Gallo notified Counterclaimant that it had approved her claim for benefits under the IPP and that it intended to pay the benefits under the IPP to Counterclaimant. To date, Gallo has not paid these benefits to Counterclaimant.

27. Under the express terms of the ERP, "[t]he percentage vested, methods of payment, and all other matters will be determined under the provisions of the E&J Gallo Winery Profit Sharing Retirement Plan." The E&J Gallo Winery Profit Sharing Retirement Plan (the "Retirement Plan"), in turn, provides that all benefits are to be paid to a deceased participant's surviving spouse, unless such spouse has consented to the participant's designation of another beneficiary prior to the participant's death. Counterclaimant did not prior to the passing of Robert G. Rogers, and has not since, consent(ed) to Robert G. Rogers' designation of any beneficiary(ies) under the ERP. Thus, Counterclaimant is entitled to receive, as the surviving spouse of Robert G. Rogers, all benefits due Mr. Rogers under the ERP.

28. By letter dated February 25, 2009, Gallo notified Counterclaimant that it would not be rendering a decision with regard to her claim for benefits under the ERP. Rather than rendering a proper decision, Gallo noted that it would be initiating the instant action.

/////

/////

29. Under the express terms of the Life Insurance Plan, if a participant does not name a beneficiary, the participant's death benefit will be paid to the participant's estate. However, the Life Insurance Plan's terms also provide that benefits may be paid to the first surviving family members of the participant, with the surviving spouse receiving first consideration.

30. Rather than award death benefits under the Life Insurance Plan to the estate of Robert G. Rogers or to Counterclaimant (the surviving spouse), Gallo erroneously paid the proceeds of the Life Insurance Plan to Audrey Rogers (the ex-wife of Robert G. Rogers). Upon information and belief, Gallo released the proceeds to Audrey Roger's attorney, Donald Klein, Esq. Upon information and belief, Mr. Klein is holding these funds in a segregated account with Charles Schwab, such that the funds are identifiable and traceable. Gallo retains the right, and has the responsibility, under the Life Insurance Plan and ERISA, to recover this improper benefit payment and award it to the appropriate beneficiary.

**Count I – Claim For Benefits Under Section 502(a)(1)(B) of ERISA**

31. Counterclaimant incorporates by reference the contents of Paragraphs 1 through 30 of this Answer and Counterclaims as if fully set forth herein.

32. Counterclaimant has exhausted her administrative remedies under the terms of the Plans.

33. Counterclaimant was and is entitled to pension and welfare benefits under the terms of the Plans.

34. Gallo's denial of Counterclaimant's claims for benefits under the Plans and filing of an interpleader action were wrongful, based solely on Gallo's desire to transfer legal fees from itself to Counterclaimant, and in violation of the terms and conditions of the Plans, because Counterclaimant has presented Gallo with clear evidence of her entitlement to benefits under the Plans.

/////

/////

/////

35. Due to Gallo's delay in rendering a proper decision with regard to Counterclaimant's entitlement to benefits under the IPP and ERP, and due to Gallo's failure to timely pay Counterclaimant benefits under the IPP and ERP, the value of benefits in the IPP and ERP have significantly decreased. By way of example, on information and belief, had Gallo properly awarded and timely paid benefits under the ERP to Counterclaimant, the value of such benefits would have exceeded $400,000 (well in excess of the $201,214.35 Gallo now seeks to deposit with the Clerk of this Court). Through this claim under Section 502(a)(1)(B) of ERISA, Counterclaimant seeks the full value of such benefits valued as of the date Gallo should have awarded and paid the benefits to Counterclaimant.

WHEREFORE, Counterclaimant respectfully requests that the Court enter judgment as follows:

(a) For a declaration of Counterclaimant's entitlement to pension and welfare benefits under the Plans;

(b) For a declaration of the appropriate amount of such benefits (*i.e.*, a determination that Plaintiff is entitled to the value of benefits under the Plans as of the date of her claim for benefits);

(c) For an award of pension and welfare benefits payable under the Plans;

(d) For an award of pre-judgment interest;

(e) For an award of her reasonable attorneys' fees and costs; and

(f) For the grant of such further and additional relief as this Court deems just and proper.

**Count II – Breach of Fiduciary Duty Under**

**Sections 404(a), 405(a)(2) and (a)(3), 409 and 502(a)(3) of ERISA**

36. Counterclaimant incorporates by reference the contents of paragraphs 1 through 35 of this Answer and Counterclaims as if fully set forth herein.

37. By virtue of its position as a fiduciary of the ERP, IPP, and Life Insurance Plan, Gallo owed a fiduciary duty of prudence, loyalty, and care to Counterclaimant under section 404(a)(1) of ERISA, including a duty to act solely in the interest of Plan participants and

beneficiaries and for the exclusive purpose of providing Plan benefits to participants and beneficiaries.

38. By virtue of its positions as the Plan Administrator, Plan Sponsor, named fiduciary, and appointing fiduciary under the Life Insurance Plan, Gallo had obligations to: (a) monitor UNUM (the designated "claims administrator" of the Life Insurance Plan) and ensure that UNUM properly applied the terms of the Life Insurance Plan; (b) not cause or influence UNUM to breach its own fiduciary obligations to participants and beneficiaries; and (c) to make reasonable efforts to remedy any breaches of UNUM's fiduciary obligations to participants and beneficiaries.

39. Gallo has failed to act with the requisite prudence, breached these fiduciary duties and obligations owed to Counterclaimant, and injured Counterclaimant by, among other things:

a. Failing to administer the IPP and Life Insurance Plan solely in the interest of participants and beneficiaries for the exclusive purpose of providing benefits for the participants and their beneficiaries;

b. Wrongfully withholding funds in a separately identifiable and traceable account to which Counterclaimant has rightful ownership under the IPP and causing the value of those funds to diminish, even though Gallo notified Counterclaimant that she would receive these funds approximately fifteen months ago;

c. Wrongfully withholding funds in a separately identifiable and traceable account to which Counterclaimant has rightful ownership under the ERP and causing the value of those funds to diminish;

d. Wrongfully withholding funds due to Counterclaimant under the Life Insurance Plan and approving and directing the award and payment of death benefits under the Life Insurance Plan to an improper party, Audrey Rogers;

e. Failing to seek reimbursement/repayment of the Life Insurance funds from Audrey Rogers;

/////

f. Failing to comply with Section 404(a)(1) of ERISA in the administration of its specific responsibilities under the Life Insurance Plan and enabling UNUM to commit its own fiduciary breaches (in violation of Section 405(a)(2) of ERISA);

g. Having knowledge of UNUM's breaches of fiduciary duty and failing to make reasonable efforts under the circumstances to remedy the breaches (in violation of Section 405(a)(3) of ERISA);

h. Failing to maintain and provide adequate documentation of the terms of the ERP, an ERISA-covered benefit plan;

i. Failing to take any action with regard to making a determination under the ERP for a period of approximately two years after the death of Robert G. Rogers, which failure caused the value of ERP benefits to diminish by approximately fifty percent (50%); and

j. Failing to actually make a determination with regard to benefits entitlement under the ERP and filing the instant interpleader in an obvious attempt to transfer the responsibility for attorneys' fees from itself to Counterclaimant.

WHEREFORE, Counterclaimant respectfully requests that the Court enter judgment as follows:

a. For the disgorgement of profits, equitable restitution, and the imposition of a constructive trust over the separately identifiable and traceable IPP assets that rightfully belong to Counterclaimant and that Gallo wrongfully holds in its possession;

b. For an order directing Gallo to seek repayment/reimbursement of the $400,000 in death benefits wrongfully paid to Audrey Rogers under the Life Insurance Plan;

c. For an order directing Gallo to instruct UNUM to seek repayment/reimbursement of the $400,000 in death benefits wrongfully paid to Audrey Rogers under the Life Insurance Plan;

/////

d. For an order directing Gallo to render a determination as to the appropriate benefit entitlement under the terms of the ERP;

e. For an equitable award of pre-judgment interest;

f. For an award of reasonable attorneys' fees and costs; and

g. For the grant of such further and additional equitable relief as the Court deems just and proper.

Respectfully Submitted,

DATED: July 20, 2009

CHAPIN WHEELER LLP

By: /S/ Douglas J. Brown
Attorney for Defendant/Counterclaimant
MICHELE MCKENZIE-ROGERS