ORIGINAL

CHAPIN WHEELER LLP
Douglas J. Brown, Esq. (SBN: 248673)
550 West C Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

BAILEY & EHRENBERG PLLC
Jason H. Ehrenberg, Esq. (*Pro Hac Vice Application to be Submitted*)
1015 18th Street, N.W., Suite 601
Washington, D.C. 20036
Tel: (202) 331-4051
Fax: (202) 318-7071

Attorneys for Defendant/Cross-Claimant
MICHELE MCKENZIE-ROGERS

FILED
2009 OCT 13 PM 4:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BY FAX

| | |
|---|---|
| E. & J. Gallo Winery, as administrator of the E. & J. Gallo Winery Executive Retirement Plan,<br><br>Plaintiff,<br><br>vs.<br><br>Audrey Rogers, Michele McKenzie-Rogers, Mark S. Rogers, Randy Rogers as Administrator of the Estate of Robert G. Rogers,<br><br>Defendants.<br><br>Michele McKenzie-Rogers,<br><br>Cross-Claimant,<br><br>vs.<br><br>Audrey Rogers and Randy Rogers, as Administrator of the Estate of Robert G. Rogers,<br><br>Cross-Defendants | Case No.: SACV09-0513 AG (MLGx)<br><br>**CROSS-COMPLAINT AGAINST DEFENDANTS AUDREY ROGERS AND RANDY ROGERS, AS ADMINISTRATOR OF THE ESTATE OF ROBERT G. ROGERS** |

Defendant/Cross-Claimant Michele McKenzie-Rogers ("Michele McKenzie-Rogers" or "Cross-Claimant"), by and through her undersigned counsel, hereby asserts the following cross-claims for breach of contract, promissory estoppel, fraud and promissory fraud, and intentional interference with prospective economic advantage against Cross-Defendants Audrey A. Rogers ("Audrey Rogers") and Randolph G. Rogers, as Administrator of the Estate of Robert G. Rogers ("the Estate"). This Court has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. Section 1332, as Cross-Claimant and the Defendants are citizens of different states and Audrey Rogers is a citizen of the state of California. This court also has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. Section 1367.

## FACTUAL BACKGROUND

1. By virtue of his status as an employee and executive of E. & J. Gallo Winery ("Gallo"), Robert G. Rogers was eligible to and did participate in, among others, the following ERISA-covered employee benefit plans: (a) the E&J Gallo Winery Income Protection Plan (the "IPP"); (b) the E&J Gallo Executive Retirement Plan (the "ERP"); and (c) the group life insurance policy issued to Gallo by UNUM Life Insurance Company of America, policy No. 949 455-001 (the 'Life Insurance Plan") (collectively, the "Plans").

2. Robert Rogers died on or around June 22, 2006. At the time of his death, he was married to Cross-Claimant Michele McKenzie-Rogers.

3. Shortly following her husband's death, Cross-Claimant timely and properly submitted claims to Gallo for benefits under all three Plans.

4. Cross-Claimant subsequently learned that Audrey Rogers and the Estate intended to pursue benefits under all three Plans, even though Audrey Rogers clearly had no entitlement to any benefits under any of the three Plans, and even though Audrey Rogers was fully aware that Cross-Claimant was entitled to benefits under those Plans.

/////

/////

/////

/////

5. In or around February 28, 2007, Audrey Rogers (through counsel) initiated discussions with the Estate and Cross-Claimant regarding the various Plans and payouts under those Plans. Audrey Rogers promised, in writing, that in return for Cross-Claimant and the Estate waiving their rights with regard to the Life Insurance Plan, Audrey Rogers would waive any and all rights with regard to the remaining Gallo benefit plans.

6. On or around March 25, 2007, in reliance upon Audrey Rogers' written promise, Cross-Claimant executed a written waiver of her rights with regard to the Life Insurance Plan.

7. Subsequently, in or around February 2008, Audrey Rogers and the Estate executed mutual written waivers, pursuant to which Audrey Rogers waived any and all rights with regard to the IPP and the ERP, and the Estate waived any and all rights with regard to the Life Insurance Plan.

8. Approximately two months later, however, and despite having executed a written waiver of any rights to benefits under the ERP, Audrey Rogers submitted a claim to Gallo for benefits under the ERP and IPP.

9. Gallo commenced this interpleader action on or about May 1, 2009 without making any benefits determination.

10. On or around July 8, 2009, Cross-Claimant learned that Audrey Rogers and the Estate had, without Cross-Claimant's consent and subsequent to Gallo's initiation of the interpleader, conspired to retroactively alter the language of their prior written waivers to shrink their scope, and purportedly resurrect the viability of any claims by Audrey Rogers against Gallo with regard to proceeds from the ERP, but attempting to leave in place the original waiver previously executed by Cross-Claimant with regard to the Life Insurance Plan.

**Count I – Breach of Contract**
**(Against Audrey Rogers and the Estate)**

11. Cross-Claimant incorporates by reference the allegations of paragraphs 1 through 10 above as if fully set forth herein.

/////

/////

12. Cross-Claimant, Audrey Rogers, and the Estate entered into a valid, enforceable contract pursuant to which Cross-Claimant and the Estate agreed to waive any and all rights with regard to the Life Insurance Plan, and Audrey Rogers agreed to waive any and all rights with regard to the ERP.

13. After Gallo disbursed the benefits from the Life Insurance Plan to Audrey Rogers and after Gallo initiated the instant action, Audrey Rogers and the Estate repudiated and/or breached this contract by conspiring to alter the language of their written waivers without Cross-Claimant's consent, thus denying Cross-Claimant the benefit of her bargain.

14. This repudiation and/or breach of contract by Audrey Rogers and the Estate has damaged Cross-Claimant by, among other things, (i) contributing to the delay in the disbursement of the proceeds of the ERP, during which time the value of same has declined significantly; (ii) causing Cross-Claimant to incur significant costs and attorneys fees in order to protect her rights to the proceeds of the ERP; and (iii) causing Cross-Claimant to waive and forego her rights with regard to the Life Insurance Plan.

15. WHEREFORE, Cross-Claimant respectfully requests that the Court enter judgment in her favor and against Audrey Rogers and the Estate as follows:

a. Damages in an amount in excess of $75,000;

b. A declaration that Audrey Rogers has waived any and all rights to the proceeds of the ERP;

c. In the alternative, a declaration that Cross-Claimant's waiver of rights to the proceeds of the Life Insurance Plan is voided and of no effect, and for the imposition of a constructive trust over the proceeds of the Life Insurance Plan pending a remand to the administrator of that Plan for a benefits determination;

d. An award of pre-judgment interest;

e. An award of costs and reasonable attorneys' fees to the extent permitted by law; and

f. The grant of such further and additional relief as this Court deems just and proper.

**Count II – Promissory Estoppel**
**(Against Audrey Rogers and the Estate)**

16. Cross-Claimant incorporates by reference the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17. Audrey Rogers unequivocally promised to waive any and all rights with regard to the ERP and IPP provided that the Estate and Cross-Claimant agreed to waive their rights with regard to the Life Insurance Plan. The Estate unequivocally promised to waive any and all rights with regard to the ERP and IPP as well.

18. Cross-Claimant reasonably and detrimentally relied on these promises by executing a written waiver of her rights with regard to the Life Insurance Plan.

19. Gallo disbursed the proceeds of the Life Insurance Plan to Audrey Rogers.

20. Now, after having promised to waive her rights with regard to the ERP and having received the proceeds of the Life Insurance Plan, Audrey Rogers, in concert with the Estate, is seeking to disavow their earlier waivers.

21. The intent of Audrey Rogers and the Estate in so acting is to improve their positions in the current interpleader action.

22. This disavowal by Audrey Rogers and the Estate has damaged Cross-Claimant by, among other things, (i) contributing to the delay in the disbursement of the proceeds of the ERP and IPP to Cross-Claimant, during which time the value of same has declined significantly; (ii) causing Cross-Claimant to incur significant costs and attorneys fees in order to protect her rights to the proceeds of the ERP and IPP; and (iii) causing Cross-Claimant to waive and forego her rights with regard to the Life Insurance Plan – resulting in a loss to Cross-Claimant of $400,000.

23. Justice can only be avoided by enforcement of the aforementioned promises made by Audrey Rogers and the Estate.

24. WHEREFORE, Cross-Claimant respectfully requests that the Court enter judgment as follows:

/////

/////

a. Damages in an amount in excess of $75,000;

b. A declaration that Audrey Rogers has waived any and all rights to the proceeds of the ERP;

c. In the alternative, a declaration that Cross-Claimant's waiver of rights to the proceeds of the Life Insurance Plan is voided and of no effect, and for the imposition of a constructive trust over the proceeds of the Life Insurance Plan pending a remand to the administrator of that Plan for a benefits determination;

d. An award of pre-judgment interest;

e. An award of costs and reasonable attorneys' fees to the extent permitted by law; and

f. The grant of such further and additional relief as this Court deems just and proper.

**Count III – Fraud and Promissory Fraud**
**(Against Audrey Rogers and the Estate)**

25. Cross-Claimant incorporates by reference the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. By false representation, concealment, and nondisclosure, Audrey Rogers and the Estate misrepresented the nature of the bargain under which Cross-Claimant agreed to waive her rights with regard to the Life Insurance Plan.

27. At the time Audrey Rogers and the Estate induced Cross-Claimant to waive her rights with regard to the Life Insurance Plan, Audrey Rogers and the Estate knew that their representations were false and calculated to induce Cross-Claimant's justifiable reliance.

28. By the foregoing actions, Audrey Rogers and the Estate fraudulently induced Cross-Claimant to enter into an agreement pursuant to which Cross-Claimant executed a written waiver of her rights with regard to the Life Insurance Plan.

29. This misrepresentation by Audrey Rogers and the Estate has damaged Cross-Claimant by, among other things, (i) contributing to the delay in the disbursement of the proceeds of the ERP and IPP, during which time the value of same has declined significantly;

(ii) causing Cross-Claimant to incur significant costs and attorneys fees in order to protect her rights to the proceeds of the ERP and IPP; and (iii) causing Cross-Claimant to waive and forego her rights with regard to the Life Insurance Plan, resulting in a loss to Cross-Claimant of $400,000.

30. Audrey Rogers' and the Estate's actions, noted above, were intentional, malicious, wanton, and outrageous.

WHEREFORE, Cross-Claimant respectfully requests that the Court enter judgment as follows:

a. Damages in an amount in excess of $75,000;

b. A declaration that Audrey Rogers has waived any and all rights to the proceeds of the ERP and IPP;

c. In the alternative, a declaration that Cross-Claimant's waiver of rights to the proceeds of the Life Insurance Plan is voided and of no effect, and for the imposition of a constructive trust over the proceeds of the Life Insurance Plan pending a remand to the administrator of that Plan for a benefits determination;

d. An award of pre-judgment interest;

e. Punitive damages in an amount to be determined;

f. An award of costs and reasonable attorneys' fees to the extent permitted by law; and

g. The grant of such further and additional relief as this Court deems just and proper.

**Count IV – Intentional Interference with Economic Advantage**
**(Against Audrey Rogers and the Estate)**

31. Cross-Claimant incorporates by reference the allegations of paragraphs 1 through 31 as if fully set forth herein.

32. Cross-Claimant has an economic relationship with Gallo and the Plans by virtue of her status as the surviving spouse of Robert Rogers, deceased participant in the Plans, and a beneficiary of the Plans.

33. Cross-Claimant's economic relationship with Gallo and the Plans includes a valid expectancy of future economic benefit.

34. The Estate and Audrey Rogers are aware of Cross-Claimant's economic relationship with Gallo and the Plans.

35. Audrey Rogers and the Estate continue to seek benefits under the Plans with the intention of disrupting Cross-Claimant's economic relationship with same.

36. This interference by Audrey Rogers and the Estate has damaged Cross-Claimant by, among other things, (i) contributing to the delay in the disbursement of the proceeds of the ERP and IPP, during which time the value of same has declined significantly; (ii) causing Cross-Claimant to incur significant costs and attorneys fees in order to protect her rights to the proceeds of the ERP and IPP; and (iii) causing Cross-Claimant to waive and forego her rights with regard to the Life Insurance Plan, resulting in a loss of $400,000 to Cross-Claimant.

37. Audrey Rogers' and the Estate's actions were intentional, malicious, wanton, and outrageous.

WHEREFORE, Cross-Claimant respectfully requests that the Court enter judgment as follows:

a. Damages in an amount in excess of $75,000;

b. A declaration that Audrey Rogers has waived any and all rights to the proceeds of the ERP;

c. In the alternative, a declaration that Cross-Claimant's waiver of rights to the proceeds of the Life Insurance Plan is voided and of no effect, and for the imposition of a constructive trust over the proceeds of the Life Insurance Plan pending a remand to the administrator of that Plan for a benefits determination;

d. An award of pre-judgment interest;

e. Punitive damages in an amount to be determined;

f. An award of costs and reasonable attorneys' fees to the extent permitted by law; and

g. The grant of such further and additional relief as this Court deems just and proper.

DATED: October 13, 2009

CHAPIN WHEELER LLP

By: ______________________

Douglas J. Brown
Attorney for Defendant/Cross-Claimant
MICHELE MCKENZIE-ROGERS